UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JASON WAYNE HELTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:18-CV-157; 2:16-CR-030 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Jason Wayne Helton has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [doc. 1], along with a supporting memorandum and a notice of supplemental authority. [Docs. 2, 11, 12].[1] The United States has responded in opposition to the motion. [Doc. 4]. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is without merit and, thus, will deny and dismiss the motion with prejudice.

---

[1] All docket references are to Case No. 2:18-CV-157 unless otherwise noted.

I.

*Background*

In March 2016, Petitioner and 10 co-defendants were charged in a multi-count methamphetamine conspiracy indictment. [Case No. 2:16-CR-030, doc. 3]. In July 2016, Petitioner entered into a plea agreement. [*Id.*, doc. 97]. He agreed to plead guilty to the lesser included offense of Count One, conspiring to distribute and possess with the intent to distribute five grams or more of actual methamphetamine. [*Id.*, p. 1].

As part of his plea agreement, Petitioner agreed to waive most of his appellate rights, with the exception that he "retain[ed] the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater." [*Id.*, p. 9]. Petitioner further agreed that he would "not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel." [*Id.*].

The Court conducted a change of plea hearing on August 2, 2016. At that hearing, the Court confirmed that Petitioner understood the appellate and collateral attack rights that he was giving up in his plea agreement. [*Id.*, doc. 275, p. 15]. The Court further found that Petitioner understood the terms of his plea agreement and that he was pleading guilty knowingly and voluntarily. [*Id.*, p. 18].

2

The probation office subsequently disclosed its Presentence Investigation Report ("PSR"), calculating an advisory guideline range of 262 to 327 months' imprisonment. [*Id.*, doc. 122, ¶ 73]. The PSR deemed Petitioner a career offender pursuant to United States Sentencing Commission Guidelines Manual ("U.S.S.G.") 4B1.1 due to prior Tennessee convictions for delivery of a controlled substance. [*Id.*, ¶¶ 46, 48, 52]. Neither party objected to the PSR. [*Id.*, docs. 132, 141].

The Court held Petitioner's sentencing hearing on January 31, 2017, and imposed a guideline sentence of 262 months' imprisonment. [*Id.*, doc. 251]. Petitioner filed a timely notice of appeal on February 10, 2017, challenging his career offender designation. [*Id.*, doc. 259]. On October 2, 2017, the Sixth Circuit affirmed the sentence imposed by this Court. [*Id.*, doc. 340]. The appellate court ruled that Petitioner's appeal was barred by the plea agreement's appellate waiver but it nonetheless addressed the merits of the appeal, concluding that Petitioner was correctly deemed a career offender under then-current law. [*Id.*].

Petitioner did not seek a writ of certiorari in the Supreme Court. Instead, he submitted his timely *pro se* § 2255 motion to vacate on September 20, 2018.

## II.

### *Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."

*Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating its allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

When a § 2255 movant claims he was denied his Sixth Amendment right to effective assistance of counsel, a court must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). To meet that burden, a petitioner must prove that specific acts or omissions by the attorney were deficient and that the attorney failed to provide "reasonably

4

effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell,* 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance. *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). The prejudice test is modified in the context of a guilty plea— a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted). "Surmounting *Strickland*'s high bar is never an easy task . . . and the strong societal interest

5

in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

III.

*Discussion*

Petitioner's motion presents three claims. He first alleges ineffective assistance of counsel. The remaining claims challenge Petitioner's appellate waiver and his career offender designation, respectively.

A. Ineffective Assistance of Counsel

Petitioner's first claim alleges that sentencing counsel was ineffective in not objecting to his career offender designation, and that appellate counsel "was ineffective for failing to argue" that same issue. Specifically, Petitioner contends that counsel should have argued that his prior Tennessee controlled substance delivery convictions are not "controlled substance offenses" under the guidelines and thus cannot serve as career offender predicates. Petitioner further contends that counsel should have objected that his conspiracy conviction in this case is also not a "controlled substance offense" and thus the career offender guideline should never have been triggered. Petitioner's arguments, as presented in his 2018 § 2255 motion pertaining to his 2017 sentencing and appeal, predate the Sixth Circuit's 2019 ruling in *United States v. Havis*. *See Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (attempt crimes are not "controlled substance offenses" under the guidelines);

6

*see also United States v. Butler*, No. 19-1587, 2020 WL 2126465, at *3 (6th Cir. May 5, 2020) (conspiracy crimes are also not "controlled substance offenses," extending *Havis*).

Petitioner's first claim is not cognizable on collateral review. *See Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019). Petitioner may well not have been a career offender if sentenced post-*Havis*, but that argument misses the point. *Id.* at 661-62; *see also Gamble v. United States*, Cv. No. 16-02527, 2020 WL 475832, at *14 (W.D. Tenn. Jan. 29, 2020) ("Gamble might have a meritorious argument that, if sentenced now, he would not qualify as a career offender under the Guidelines. Even if so, he cannot raise a cognizable § 2255 claim by arguing that Havis retroactively invalidates the Court's application of the advisory Guidelines at his sentencing. That is because the Guidelines are advisory.") (emphasis in original) (citing *Bullard*).

"[L]ooking back to when the district court sentenced Bullard and when he filed his direct appeal, as we must, our caselaw was different. . . . We assess counsel's performance based on counsel's perspective at the time ... rather than in the harsh light of hindsight[.]" *Bullard*, 937 F.3d at 661 (citations and quotations omitted). When Bullard was sentenced he was correctly classified as a career offender, and the same is true for the instant Petitioner—as held by the Sixth Circuit in the appeal of this case. *See id.* The Sixth Circuit has "repeatedly held that counsel is not ineffective for failing to predict developments in the law." *Id.* (citation and quotation omitted).

7

As such, Petitioner's claim fails at *Strickland*'s first prong. *See id.* at 661-62. "[I]t was reasonable for his attorneys not to object." *Id.* at 662. "*Havis* provides no relief on collateral review." *Id.* at 657.

## B. Appellate Waiver

By his second claim, Petitioner challenges the validity of his appellate waiver. Specifically, Petitioner argues that "[a]ppeal waivers bar claims only on known rights. Since caselaw relied on to invalidate sentence was handed down subsequent to entry into appeal waiver, waiver is not enforceable." [Doc. 1, p. 4]. Petitioner is incorrect, and his second claim is barred by the collateral review waiver provisions of his plea agreement.

Again, in his plea agreement Petitioner surrendered his right to file a motion under § 2255 except for claims of ineffective assistance of counsel and prosecutorial misconduct. His challenge to the validity of his appellate waiver falls into neither of those categories.

Further, "[p]lea agreements . . . may waive constitutional or statutory rights then in existence as well as those that courts may recognize in the future." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "A voluntary plea agreement allocates risk, and the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Slusser v. United States*, 895 F.3d 437, 440 (6th Cir. 2018) (citations, quotations, and alteration omitted). Petitioner's "lack of clairvoyance cannot undo his decision to waive the right to attack his sentence collaterally." *In re Garner*, 664 F. App'x 441, 443 (6th Cir. 2016).

8

Petitioner knowingly waived his right to collaterally attack his sentence except on the grounds of ineffective assistance of counsel or prosecutorial misconduct. Because of that knowing and voluntary waiver, his second claim will be dismissed.

## C. Career Offender

By his third and final claim, Petitioner presents arguments as to why the "[i]mposition of career offender enhancement was erroneous." As with his second claim, these arguments are barred by the collateral review waiver provisions of his plea agreement.

In his plea agreement Petitioner waived the right to file a motion under § 2255 except for claims of ineffective assistance of counsel and prosecutorial misconduct. His substantive career offender challenges fall into neither of those categories. Petitioner's third claim will therefore be dismissed.

## IV.

### *Conclusion*

For the reasons discussed in this memorandum opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**.

## V.

### *Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must

"engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge